Jeffrey T. Pyburn (No. 011050)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
E-Mail:      jtp@gknet.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Cassell, an unmarried woman.<br>Plaintiff,<br><br>vs.<br><br>Lotus Garden Restaurant Inc., dba Lotus Garden Chinese Restaurant, an Arizona Corporation; John and Jane Doe I-X, Doe Corporations I-X; Doe Partnerships I-X; and/or Doe Sole Proprietorships I-X,<br><br>Defendant(s). | No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that the Defendants herein, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of the removal of the above-entitled civil action from the Superior Court of the State of Arizona, in and for the County of Navajo, to this Court, based upon the following facts:

1. The Defendants are named in the above-entitled civil action, which has been commenced and is pending in the Superior Court of the State of Arizona, in and for the County of Navajo (Case Number S0900CV201900175).

7367959v1/16718-0006

2. Plaintiff Kimberly Cassell, filed the Complaint, Civil Cover Sheet, and Certificate of Compulsory Arbitration in the Superior Court action on April 29, 2019, and filed a First Amended Complaint in the Superior Court action on June 17, 2019. In accord with 28 U.S.C. § 1446(a) and LRCiv 3.6(b), copies of the Complaint, Civil Cover Sheet, Certificate of Compulsory Arbitration, and the First Amended Complaint are attached hereto as Exhibits A, B, C, and D, respectively. In accord with LRCiv 3.6(a), a copy of the most recent version of the Superior Court's docket in the state court action is attached hereto as Exhibit E. Furthermore, Defendants' Answer to Plaintiff's First Amended Complaint is attached hereto as Exhibit G, and the Notice of Removal in the Superior Court action is attached hereto as Exhibit H (exclusive of Exhibits). In accord with LRCiv 3.6(b), the undersigned hereby certifies that such documents are true and complete copies of all pleadings and other documents filed in the state court action.

3. Plaintiff is a resident of Navajo County, Arizona.

4. Defendant Lotus Garden Restaurant, Inc., dba Lotus Garden Chinese Restaurant is an Arizona corporation.

5. The Complaint asserts that Plaintiff is an individual with a qualified disability under the Americans with Disabilities Act of 1990, ("ADA"). See First Amended Complaint (Exhibit D attached hereto) ¶ 11.

6. Plaintiff claims she is legally blind, and alleges that Defendants have not complied with Federal requirements governing provisions of public

-2-

accommodations and accessible routes to restaurant dining tables. See First Amended Complaint (Exhibit D attached hereto) ¶ 11.

7. Plaintiff's First Amended Complaint also alleges that Defendants failed to comply with ADA requirements, causing Plaintiff to become injured. See First Amended Complaint (Exhibit D attached hereto) ¶¶12, 18, and 19.

8. The Complaint further alleges that Plaintiff tripped on a platform that serves as a base to a large fish tank at a distance of 11 inches; adjacent to her table, resulting in a broken left hip. See First Amended Complaint (Exhibit D attached hereto) ¶¶12, 18, and 19.

9. The Complaint asserts three causes of action against Lotus Garden Chinese Restaurant: Negligent Causation of Personal Injury, Vicarious Liability/Respondent Superior, and Violation of Title III of the Americans with Disabilities Act of 1990.

10. Plaintiff alleges inter alia, that the Defendants are liable to the Plaintiffs for general damages in an amount in excess of ten thousand dollars ($10,000.00,) and for special damages in an amount in excess of ten thousand dollars ($10,000.00). See First Amended Complaint (Exhibit D attached hereto) ¶¶ 46-54  (Prayer for Relief ¶¶1 -9).

11. This is a civil action arising under the Constitution and laws of the United States in that the plaintiff alleges inter alia that the defendant violated the plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. See First Amended Complaint (Exhibit D attached hereto) ¶¶ 39-46.  Under

-3-

those circumstances, this Court has original jurisdiction over this action under 28 U.S.C. § 1331, and the defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441.

12. The plaintiff's remaining claims (arising under Arizona common law) arise from the same set of alleged facts that provide the basis for her federal Americans with Disabilities Act claim.  <u>See</u> First Amended Complaint (Exhibit D attached hereto) ¶¶ 11-38.  The plaintiff's state-law claims are so related to the Americans with Disabilities Act claim, over which this Court has original jurisdiction, that the remaining allegations form part of the same case or controversy under Article III of the United States Constitution.  Therefore, this Court may exercise supplemental jurisdiction over those remaining claims, pursuant to 28 U.S.C. § 1367(a).

13. This notice is timely filed under 28 U.S.C. § 1446(b), as follows:

   a. The Plaintiff's counsel requested that the Defendant waive service of the summons and complaint under Ariz. R. Civ. P. 4(f).  The undersigned counsel for the defendant executed the Plaintiff's requested waiver and returned it to the Plaintiff's counsel.  A copy of such document is attached hereto as Exhibit F.

   b. Under Arizona law, a waiver of service is not effective unless and until <u>filed</u>. Ariz. R. Civ. P. 4(f)(1) (waiver of service "must … be filed in the action"); Ariz. R. Civ. P. 4.1(c)(4) ("[w]hen the plaintiff files an executed waiver … these rules apply as if a summons and the pleading

-4-

being served had been served at the time of filing the waiver"). As this Court has stated, "Arizona law is clear on this point. When a party waives service, service of process is deemed to be effective from the time that the signed waiver is <u>filed</u> with the court." <u>Cooke v. Masterpharm, LLC</u>, 2010 WL 2490536 *2 (D. Ariz. 2010) (original emphasis).

    c. The Navajo County Superior Court electronic docket indicates that the plaintiff has not yet filed the defendant's executed waiver. <u>See</u> Docket (Exhibit E attached hereto). Under those circumstances, the 30-day time period set forth in 28 U.S.C. § 1446(b) for the defendant to remove this action to this Court has not yet commenced to run, and the notice of removal, therefore, is timely filed. <u>Cooke</u>, 2010 WL 2490536 *2 (notice of removal filed within 30 days of <u>filing</u> of waiver of service was timely notwithstanding defendant's earlier <u>execution</u> of waiver; denying motion to remand).

14. In accord with 28 U.S.C. § 1446(d) and LRCiv 3.6(a), the Defendants are filing a copy of this notice with the Clerk of the Superior Court of the State of Arizona, in and for the County of Navajo.

WHEREFORE, the Defendants respectfully request that the above-entitled action now pending in the Superior Court of the State of Arizona, in and for the County of Navajo, be removed therefrom to this Court, and that further proceedings in this action be conducted in this Court as provided by law.

-5-

7367959v1/16718-0006

Case 3:19-cv-08205-DWL   Document 1   Filed 07/15/19   Page 6 of 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED this 12th day of July, 2019.

GALLAGHER & KENNEDY, P.A.

By: /s/ Jeffrey T. Pyburn
    Jeffrey T. Pyburn
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in this case may not be registered CM/ECF users.  I have e-mailed the foregoing document to the following non-CM/ECF participants:

MARK J. BOURASSA, ESQ.
Arizona Bar No. 023111
MELINA D. FAVORS, ESQ.
Arizona Bar No. 033485
**THE BOURASSA LAW GROUP, LLC**
16165 N. 83RD Avenue Suite 200
Peoria, Arizona 85339
Telephone: (480) 867-7177
Facsimile: (480) 867-7155
 Email: mbourassa@blgwins.com
      mfavors@blgwins.com
*Attorneys for Plaintiff Kimberly Cassell*

/s/ Kathryn Ernest

-6-

7367959v1/16718-0006