FILED
Deanne Romo
CLERK, SUPERIOR COURT
04/29/2019 10:08AM
BY: MSAMPLE
DEPUTY

MARK J. BOURASSA, ESQ.
Arizona Bar No. 023111
MELINA D. FAVORS, ESQ.
Arizona Bar No. 033485
**THE BOURASSA LAW GROUP, LLC**
16165 N. 83RD Avenue Suite 200
Peoria, Arizona 85339
Telephone: (480) 867-7177
Facsimile:  (480) 867-7155
Email:     mbourassa@blgwins.com
           mfavors@blgwins.com
*Attorneys for Plaintiff Kimberly Cassell*

Case No.: S0900CV201900175
HON. ROBERT HIGGINS

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF NAVAJO

| | |
|---|---|
| KIMBERLY CASSELL, an unmarried woman. | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Tort – Non-Motor Vehicle)** |
| LOTUS GARDEN RESTAURANT INC., dba LOTUS GARDEN CHINESE RESTAURANT, an Arizona Corporation; JOHN and JANE DOE I-X; DOE CORPORATIONS I-X; DOE PARTNERSHIPS I-X; and/or DOE SOLE PROPRIETORSHIPS I-X, | |
| Defendant(s). | |

COMES NOW, Plaintiff Kimberly Cassell (hereinafter Plaintiff), by and through her counsel of record, The Bourassa Law Group, LLC, and hereby submits her Complaint against Defendants, and each of them, and alleges as follows:

-1-

I.
**INTRODUCTION**

1. This is an action brought by Plaintiff for damages incurred as a result of a trip and fall that occurred on or about July 5, 2017, caused by the acts and omissions of the Defendants.

II.
**PARTIES**

2. Plaintiff, Kimberly Cassell, an unmarried woman, is, and was at all times pertinent hereto, a resident of Navajo County, Arizona.

3. Defendants, Lotus Garden Restaurant Inc. (hereinafter "Lotus"), is and, at all times relevant hereto, was a domestic business which is licensed and conducting business in the State of Arizona.

4. At all relevant times, DOES 1 through 10 and DOE CORPORATIONS 1 through 10, inclusive, and each of them (hereinafter collectively referred to as "Defendants"), were legal entities or individuals doing business in the State of Arizona. That the true names and capacities, whether individual, corporate, agents, association or otherwise of the Defendants, DOES 1 through 10, and/or DOE CORPORATIONS 1 through 10, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES and/or DOE CORPORATIONS are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to Plaintiffs, as herein alleged.

5. Plaintiffs will ask leave of Court to amend the Complaint to insert the true names and capacities of DOES, DOE EMPLOYEES, DOE CORPORATIONS, and/or DOE BUSINESS ENTITIES 1 through 10, and state appropriate charging allegations when that information has been ascertained.

6. At all relevant times, each Defendant was the joint venture, principal, agent and/or employee of each of his codefendants, and in doing the things herein described was acting jointly

with consent, and within the course and scope as such joint venture, principal, agent and/or employee.

### III.
### JURISDICTION AND VENUE

7. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

8. At all relevant times hereto, all acts and events alleged hereafter occurred within State of Arizona.

9. This Honorable Court has jurisdiction in this matter, and venue is proper, in that all the facts and circumstances that give rise to the subject lawsuit occurred in Navajo County, Arizona.

### IV.
### GENERAL ALLEGATIONS

10. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

11. On July 5, 2017, and prior and subsequent thereto, Lotus possessed, owned, controlled, maintained and managed the premises located at 484 E White Mountain Blvd, Pinetop-Lakeside, in Navajo, County. Lotus is a private business open to the public within the meaning of Title III.

12. That on the aforesaid date, at approximately 12:45 p.m., Plaintiff was a business invitee lawfully on the premises of Defendants located at 484 E White Mountain Blvd, Pinetop-Lakeside, in Navajo, County.

13. Defendant's hostess guided Plaintiff who is legally blind in her right eye to a table adjacent to a large fish tank situated on a platform.

14. An 11-inch width existed between the edge of the platform and Plaintiff's assigned table.

15. Plaintiff attempted to gain access to a seat near the wall when she tripped and fell

over the protruding platform adjacent to Plaintiff's table.

16. Plaintiff relied on Defendant's hostess' guidance to her table as Plaintiff is legally blind.

17. As a result of Defendants' negligence, Plaintiff fell and fractured her left hip.

## V.
## FIRST CAUSE OF ACTION
### (Negligence)

18. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

19. At all times herein mentioned, Defendants purposefully, invited both Plaintiff and other members of the public to enter onto its property for business or pecuniary purposes.

20. At all times herein mentioned, Lotus and/or Doe Defendants negligently owned, operated, maintained and/or controlled said premises in a dangerous, defective and unsafe condition, and negligently maintained said premises and, failed to repair water controls and/or failed to adequately install a cold-water control and a handicap accessible shower on said premises.

21. Defendant Lotus and/or Doe Defendants had a duty to exercise all due care and caution for the safety of Plaintiff and its other business invitees.

22. Defendant Lotus and/or Doe Defendants failed to provide a duty of care and acted negligently and carelessly by allowing said premises to be unsafe to Plaintiff and other business invitees.

23. Defendant Lotus and/or Doe Defendants knew or should have known that failure to provide nondiscriminatory, safe access to dinning tables and comply with federal disability rights statutes created an unreasonable risk to injury to persons with disabilities.

24. That as a direct and proximate result of the negligence and violations alleged above, Defendant Lotus and/or Doe Defendants caused Plaintiff to suffer injuries and damages.

25. That as a result of Defendant Lotus and/or Doe Defendants. negligence and violations, Plaintiff sustained severe injuries to her left hip, which have caused pain, suffering,

and inconvenience which will continue; and has incurred expenses for medical care which will continue.

26. As a direct result of Defendants conduct, and each of them, Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and plaintiff is informed and believes, and thereupon alleges, that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial, but also in an amount in excess of $10,000.00.

27. As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## VI.
## SECOND CAUSE OF ACTION
### (Vicarious Liability/Respondeat Superior)

28. Plaintiff incorporate by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

29. At all relevant times, Doe Defendants were acting within the course and scope of their employment with Lotus and/or Doe Defendants.

30. At all relevant times, Doe Defendants were under the direct supervision, employ and control of Lotus and/or Doe Defendants when they committed the wrongful and negligent acts described herein.

31. Plaintiff is informed, believes and thereon alleges that Lotus and/or Doe Defendants were and are vicariously liable under the theory of *respondeat superior* for the negligent acts and/or omissions of its staff, agents, apparent agents, servants or employees in the scope of employment herein; or such independent contractors within Lotus and Doe Defendants' control which in any manner caused or contributed to Plaintiff's injuries.

///

32. As a direct result of Defendants conduct, and each of them, Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and plaintiff is informed and believes, and thereupon alleges, that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial, but also in an amount in excess of $10,000.00.

33. As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

34. Defendant RV Park is a private entity providing specified restaurant service primarily engaged in the business of dinning/servicing people and whose operations affect commerce. Consequently, Defendant RV PARK, is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, and particularly Section 302 thereof, 42 U.S.C. § 12182.

## XI.
## THIRD CAUSE OF ACTION
**(Violation Title III of the Americans with Disabilities Act of 1990)**

35. Title III of the ADA prohibits, *inter alia*, private entities primarily engaged in the business of serving food or drinks and whose operations affect commerce from discriminating against individuals with disabilities on the basis of disability in the full and equal enjoyment of specified public dining services.

36. The conduct previously alleged violated Title III of the ADA and the federal regulations promulgated pursuant to Title III, 28 C.F.R. part 36, subpart D, specifically 36.402 and 36.402.

37. Defendants violated Title III of the ADA by, *inter alia*, failing to operate its services on a nondiscriminatory basis; failing to ensure that individuals with disabilities who are

1  legally blind have nondiscriminatory, safe access to dining tables; and failing to provide such
2  services to persons with disabilities.

3       38.    Pursuant to 42 U.S.C. § 12188, and the remedies, procedures, and rights set forth
4  and/or incorporated therein, Plaintiff prays for judgment as set forth below.

## VII.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, reserve the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1. For general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);
2. For special damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);
3. Medical and incidental expenses incurred and to be incurred, according to proof;
4. Damages for lost earnings, according to proof;
5. Damages for past and future pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life;
6. For costs of suit and reasonable attorney's fees;
7. For such other further relief as the Court may deem just and proper;
8. Prejudgment interest; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

9. An order enjoining Defendants' and each of them from violating the Americans with Disabilities Act of 1990, 42 U.S.C. 42 U.S.C. §§ 12101 *et seq*.

DATED this 29th day April, 2019.

                                                  THE BOURASSA LAW GROUP, LLC

                                             By:     */s/ Melina D. Favors*
                                                      MARK J. BOURASSA, ESQ.
                                                      Arizona Bar No. 023111
                                                      MELINA D. FAVORS, ESQ
                                                      Arizona Bar No. 033485